

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **In re:** § | § | **Chapter 11** |
| **SPHERATURE INVESTMENTS LLC,** § *et al.*, § | § | **Case No.: 20-42492** |
| **Debtors.** § | § | **Jointly Administered** |

| | | |
|---|---|---|
| **SPHERATURE INVESTMENTS LLC,** § *et al.* **d/b/a WORLDVENTURES** § **HOLDINGS, LLC**[1] § **Plaintiffs,** § | § | |
| **vs.** § | § | **Adversary No. 21-04058** |
| **KENNETH E. HEAD,** § | § | |
| **Defendant.** § | § | |

## ORDER GRANTING
## AGREED MOTION TO CONTINUE MARCH 8, 2021 HEARING

This matter having come before this Court on Plaintiffs', Spherature Investments LLC d/b/a WorldVentures Holdings, LLC and its affiliated Debtors (collectively, "**WorldVentures**"), and Defendant's, Kenneth E. Head ("**Head**") (collectively, the "**Parties**") *Agreed Motion to Continue March 8, 2021 Hearing* (the "**Motion to Continue**") on the *Plaintiffs Emergency Application for a Temporary Restraining Order and Preliminary Injunction and Supporting Memorandum* [Docket No. 2]. The Court orders as follows:[2]

---

[1] The "**Plaintiffs**" and "**Debtors**" in the above-captioned jointly administered chapter 11 bankruptcy cases ("**Cases**") are: Spherature Investments LLC ("**Spherature**") EIN#5471; Rovia, LLC ("**Rovia**") EIN#7705; WorldVentures Marketing Holdings, LLC ("**WV Marketing Holdings**") EIN#3846; WorldVentures Marketplace, LLC ("**WV Marketplace**") EIN#6264; WorldVentures Marketing, LLC ("**WV Marketing**") EIN#3255; WorldVentures Services, LLC ("**WV Services**") EIN#2220.

[2] Capitalized terms not defined herein have the meaning defined in the Application.

4813-4572-3102.2

After reviewing the Agreed Motion to Continue, the Court hereby grants the continuance and the relief requested therein by the Parties.

After reviewing WorldVentures' Application for Temporary Restraining Order, and supporting evidence admitted for the sole purpose of the Application for Temporary Restraining Order, and not for purposes of any other hearing or the trial in this matter, and considering the arguments of the parties' respective counsel, the Court has determined that the relief sought in the Application is in the best interests of WorldVentures, their bankruptcy estates, and the creditors thereof. The Court thus ORDERS and FINDS as follows:

1. Due and proper notice to all parties in interest was appropriate and provided under the circumstances, and it appearing that no other or further notice need be provided;

2. Plaintiff alleges that Defendant Kenneth E. Head ("Head") was WorldVentures' President and Chief Strategy Officer, and entered into an Executive Employment Agreement, dated July 12, 2018 (the "Effective Date"), by and between WorldVentures and Head (the "Employment Agreement"). The Employment Agreement provides that as a WorldVentures' executive, Head had access to WorldVentures' confidential, proprietary, and work product information. For the first time, the Employment Agreement places express non-competition restrictions on Head's participation and affiliation with any "Competing Business"[3] that resides in

---

[3] As defined in Paragraph 3.01 of the Employment Agreement, the terms: (1) "Competing Business" shall mean a Person (other than the Company) that provides Services; (2) "Person" shall mean any individual, corporation, partnership, limited liability company, trust, estate, or other entity; (3) "Services" shall mean membership-based travel services through direct sales; (4) "Territory" shall mean any Open Market or any country that the Company has taken substantial steps to cause an Open Market during the Term of this Agreement; (5) "Open Market" shall mean those countries in which the Company enrolls Sales Representatives, Members, or Customers; (6) "Sales Representatives" shall mean the independent sales representatives that are authorized by the Company to sell its Services; (7) "Members" shall mean any Customer who has purchased the Company's travel club membership product; and (8) "Customer" shall mean any Person to whom or to which the Company is currently providing Services and shall include a Member.

or operates in a "Territory" where WorldVentures conducts business.[4] The non-competition restrictions are subject to a 24-month period following Head's termination (the "Non-Compete Period").

3. Plaintiff alleges that Head resigned from his position at WorldVentures on December 31, 2020, and roughly one month later, became the President and Chief Business Development Officer of Seacret Direct, LLC ("Seacret"). Plaintiff alleges that Seacret is implementing a new "lifestyle" company that provides membership-based travel services marketed through direct sales in domestic and international countries, which is a Competing Business. Therefore, for the purpose of the Application for Temporary Restraining Order, the Court finds that WorldVentures will likely be successful on the merits in showing that Head has breached Paragraph 3.02(e) of the Employment Agreement, through his employment in a senior position with a Competing Business.[5]

4. For purposes of this Application for Temporary Restraining Order, the Court finds WorldVentures will likely sustain immediate and irreparable harm due to Head's breach of his Employment Agreement and the non-competition restrictions due to his employment by Seacret. Accordingly, if not enjoined from his further violation of the non-competition provision, WorldVentures will likely suffer irreparable harm to its membership-based travel operations, its

---

[4] WorldVentures conducts travel-related business operations in the following countries: Australia; Austria; Botswana; Brazil; Canada; Colombia; Cyprus; Czech Republic; France; Germany; Greece; Guam; Hong Kong; Hungary; Iceland; Ireland; Israel; Jamaica; Kenya; Latvia; Malaysia; Malta; Mexico; Namibia; Netherlands; New Zealand; Philippines; Poland; Puerto Rico; Romania; Russia; Serbia; Singapore; Slovenia; South Africa; Sweden; Taiwan; Uganda; United Kingdom; United States; Zambia; and Zimbabwe.

[5] Paragraph 3.02(e) of the Employment agreement provides the following: "the Executive hereby covenants and agrees during the Non-Compete Period not to become an Affiliate with any Competing Business that resides in or operates in the Territory." As defined in Paragraph 3.01 of the Employment Agreement, the term "Affiliate" shall mean, with respect to a Person, any other Person in which the Person owns or controls an equity interest equal to more than 5% of the outstanding equity interests of such Person; or any other Person for whom the Person serves or is employed or retained as an officer, director, manager, full- or part-time employee, consultant, independent contractor, commissioned sales representative, broker, or agent.

3

customers, employees, vendors, suppliers and sales representatives.

5. Any harm to Head is outweighed by the imminent and irreparable harm to WorldVentures, their business, their bankruptcy estates, and the creditors thereof, as the orderly administration of the bankruptcy of the estate is of paramount importance.

6. The Court finds the public interest factors likely weigh in favor of granting WorldVentures' Application for a Temporary Restraining Order. It is in the public interest to enforce valid, non-compete provisions under Texas law. This interest outweighs the public's interest in pure free competition. Further, it is in the public interest to further the administration of the bankruptcy estate, and enjoining Head's actions allows for the orderly administration of the bankruptcy proceedings.

7. Sufficient reason having been shown pending the hearing of the WorldVentures' application for a preliminary injunction, but in no event beyond 11:59 p.m. on March 19, 2021, the Court ORDERS and FINDS that WorldVentures is entitled to a temporary restraining order because there is a likelihood that: (1) WorldVentures will prevail on one or more of WorldVentures' causes of action; (2) harm is imminent to WorldVentures; (3) if the Court does not issue the temporary restraining order, WorldVentures will be irreparably injured; and (4) the balance of public interest favor entry of the injunctive relief granted herein.

8. It is further ORDERED that Head, and those persons bound under Federal Rule of Civil Procedure 65(d) to include the parties, the parties' officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with him, who have actual notice of this order by personal service or otherwise, are temporarily restrained and enjoined from:

(a) Participating in a multi-level marketing membership-based travel business including for Seacret Direct, LLC.

9. It is further ORDERED that nothing in this order prohibits Head from working for

4

Seacret, provided that such work does not concern multi-level marketing membership-based travel business.

10. It is further ORDRED that this Application for Preliminary Injunction be set for hearing, and after such hearing, that the Court issue a temporary injunction, against Head. It is further ORDERED Head show cause before this Court, at **10:00 a.m. prevailing Central Time on March 19, 2021** (the "**Preliminary Injunction Hearing**"), Parties are instructed to dial 1-888-675-2535, use Access No. 4225607 and Security No. 1799 why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining Head during the pendency of this action;

11. It is further ORDERED that pursuant to Federal Rule of Bankruptcy Procedure 7065, WorldVentures are not required to post any bond or other security;

12. WorldVentures are authorized to immediately serve a copy of this order on Head pursuant to Federal Rule of Civil Procedure 65(d)(2);

13. This Court shall retain jurisdiction to hear and determine all matters arising form or related to the implementation of this Order.

14. This Order expires at 11:59 p.m. on March 19, 2021, without prejudice to Debtors right to request further extension to allow for the Court to rule upon the Application for Preliminary Injunction.

Signed on 3/3/2021

*Brenda T. Rhoades*     SR
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

4813-4572-3102.2

**Submitted and Prepared by:**

*/s/ Steven C. Lockhart*
Marcus A. Helt (TX 24052187)
Robert Slovak (TX 24013523)
Steven C. Lockhart (TX 24036981)
Aaron E. Chibli (TX 24091222)
Emily F. Shanks (TX 24110350)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
mhelt@foley.com
rslovak@foley.com
slockhart@foley.com
achibli@foley.com
eshanks@foley.com

**COUNSEL FOR THE PLAINTIFFS SPHERATURE INVESTMENTS LLC,** *et al* **d/b/a WORLDVENTURES HOLDINGS, LLC**

**Agreed as to form:**

**SINGER & LEVICK, P.C.**

By: */s/Todd Hoodenpyle*
Todd Hoodenpyle
Texas State Bar No. 00798265
hoodenpyle@singerlevick.com
Michelle E. Shriro
Texas Bar No. 18310900
mshriro@singerlevick.com
16200 Addison Road, Ste. 140
Addison, Texas 75001
Telephone: (972) 380-5533
Facsimile: (972) 380-5748

**ATTORNEYS FOR DEFENDANT KENNETH E. HEAD**

4813-4572-3102.2