IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: § | | Chapter 11 |
| § | | |
| SPHERATURE INVESTMENTS LLC § | | CASE NO. 20-42492 |
| et al. § | | |
| § | | |
| ──────────────────────── § | | |
| § | | |
| SPHERATURE INVESTMENTS LLC, § | | |
| et al. d/b/a World Ventures Holdings, LLC[1] § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | | Adversary No. 21-04058 |
| § | | |
| KENNETH E. HEAD § | | |
| § | | |
| **Defendants.** § | | |

**DEFENDANT'S MOTION FOR WITHDRAWAL OF THE REFERENCE
PURSUANT TO 11 U.S.C. § 157(d) AND FRBP 5011 AND SUPPORTING BRIEF**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants Kenneth E. Head ("**Head**" or "**Defendant**") files this Motion for Withdrawal of

the Reference Pursuant to 28 U.S.C. § 157(d) and FRBP 5011 (the "**Motion**"), and would respectfully

show the Court as follows:

---

[1] The "**Debtors**" or "**WorldVentures**") in the above-described jointly administered Chapter 11 bankruptcy cases ("**Cases**") are Spherature Investments LLC ("**Spherature**") EIN#5471, Rovia, LLC ("**Rovia**") EIN#7705, WorldVentures Marketing Holdings, LLC ("**WV Marketing Holdings**") EIN#3846, WorldVentures Marketplace, LLC ("**WV Marketplace**") EIN#6264, WorldVentures Marketing, LLC ("**WV Marketing**") EIN#3255, WorldVentures Services, LLC ("**WV Services**") EIN#2220.

**DEFENDANT'S MOTION FOR WITHDRAWAL OF THE REFERENCE
PURSUANT TO 11 U.S.C. § 157(d) AND FRBP 5011 – PAGE 1**

## I. Jurisdiction and Venue

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The claims asserted in this matter are not.

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. Background

3. On December 21, 2020, (the "**Petition Date**"), Debtors filed their respective voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

4. On February 22, 2021, Debtors filed their Original Complaint and Request for Preliminary Injunction (the "**Complaint**") alleging the following causes of action: (1) breach of contract; and (2) breach of fiduciary duty. Debtors also seek a remedy of injunctive relief.

5. On April 2, 2021, Defendant filed his Amended Motion to Dismiss. If the Amended Motion to Dismiss is denied, Defendant intends to request a jury trial.

## III. Relief Requested

6. Head respectfully requests that the Court enter an Order withdrawing the reference to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011.

7. In light of the fact that this Court does not have jurisdiction to grant relief requested in the Complaint, Head maintains that it makes sense to simply withdraw the reference with no conditions.

## IV. Argument

**A. Standards for withdrawal of the reference**

8. The Federal District Court exercises original exclusive jurisdiction over the Adversary Proceeding pursuant to 28 U.S.C. §§ 1334(a) and (b). Pursuant to 28 U.S.C. § 157(a) and the Standing Order, the Adversary Proceeding was automatically referred to the Bankruptcy Court.

9. Notwithstanding the automatic reference, 28 U.S.C. § 157(d) authorizes and, in some circumstances, requires the District Court to withdraw the reference to the Bankruptcy Court. The statute provides:

> The District Court may withdraw, in whole or in part, any case or proceeding referred under this section [28 U.S.C. § 157], on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United Sates regulating organizations or activities affecting interstate commerce.[2]

10. A bankruptcy judge's authority to adjudicate claims in a referred action depends on whether the claim is "core" or "non-core." Bankruptcy judges hear but do not have authority to determine non-core claims, absent the parties' consent (which will not be given by the Defendant); rather, the bankruptcy court may only recommend proposed findings of fact and conclusions of law to the district court, absent consent of the parties.[3] Although bankruptcy judges may hear and determine core claims, those determinations are subject to the District Court's review.[4] Furthermore, bankruptcy judges are constitutionally prohibited from holding jury trials on non-core claims.[5] Bankruptcy judges may not hold jury trials even on core claims absent special designation by the District Court and the consent of both parties.[6]

11. The term "core proceeding" is not defined in the Bankruptcy Code, but 28 U.S.C. § 157(b) provides an illustrative list of proceedings that may be considered "core." The Fifth Circuit has held that a proceeding is core if it "invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."[7] Where an action is simply a

---

[2] 28 U.S.C. 157(d).
[3] 28 U.S.C. § 157(c)(1).
[4] 28 U.S.C. § 157(b) and 28 U.S.C. § 158.
[5] *Orion Picture Corn. v. Showtime Networks Inc. (In re Orion),* 4 F.3d 1095, 1101 (2nd Cir.1993).
[6] 28 U.S.C. § 157(e).
[7] *U.S. Brass Corp. v. Travelers Ins. Group, Inc. (In re U.S. Brass Corp.),* 301 F.3d 296, 304 (5th Cir.2002).

suit that, absent the bankruptcy, could have proceeded in another forum, it is a non-core proceeding.[8] The fact that a plaintiff in a proceeding may also be a bankruptcy debtor does not make that matter a core proceeding.[9]

12. In *Holland America Ins. Co. v. Succession of Roy*, the Fifth Circuit provided district courts the following guidance when deciding whether to order withdrawal of a reference:

> [T]he district court must keep one eye cocked toward the decision of the Supreme Court in *Northern Pipeline Constr. v. Marathon Oil Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), which is the progenitor of the new bankruptcy court jurisdictional scheme. Whatever the precise teaching of *Marathon* it holds, at a minimum that Article I bankruptcy courts may not have original jurisdiction over adversary proceedings that do not intimately involve the debtor-creditor relationship and rest solely in issues of state law. 458 U.S. at 84, 102 S.Ct. at 2878m, 73 L.Ed.2d at 623… The Bankruptcy Amendments Act has attempted a flexible response to *Marathon*, permitting bankruptcy courts to hear "core" proceedings by blanket reference from the district court, while authorizing them to function much like magistrates as adjuncts to the district court on matters that are merely "related to" a bankruptcy. *Marathon* provides the outer boundary of original referred jurisdiction of bankruptcy courts, but considerations of judicial economy also bear on the decision to withdraw the reference or refer to bankruptcy court. The district court should consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process.
>
> Finally, we note that there is a jury demand in the district court file. Its continued existence may influence the district court's decision, for while we do not reach the issue, there is some doubt whether bankruptcy courts can conduct jury trials in light of *Marathon* and the Bankruptcy Amendments Act. The district court should apply these factors in articulating whether to withdraw the reference on this litigation.[10]

The Supreme Court recently offered more guidance on whether the reference should be withdrawn[11]

13. The starting point under *Holland America* and *Stern* is whether the claims brought by the Trustee in the Complaint are "core" or non-core." This determination is crucial in whether the

---

[8] *In re Gulf States Long Term Acute Care of Covington, L.L.C.*, 455 B.R. 869, 875 (E.D. La 2011).
[9] *Id.*
[10] *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998-999 (5th Cir.1985).
[11] *Stern v. Marshall*, 131 S.Ct. 2594 (2011).

reference to the Bankruptcy Court should be withdrawn because the Bankruptcy Court does not have the constitutional authority to enter final judgments on non-core state court claims.[12]

**B.      Withdrawal of the reference for the breach of contract and breach of fiduciary duty claims should be ordered because the claims are "non-core."**

14.      The breach of contract and breach of fiduciary duty claims are non-core.  As set forth in the Complaint, the breach of contract and breach of fiduciary duty claims are based on the law of the state of Texas and could have been brought without the filing of the bankruptcy case of the Debtor. Defendants intend to demand a jury trial on the breach of contract and breach of fiduciary duty claims.

15.      Because of the non-core nature of the breach of contract and breach of fiduciary duty claims, the Bankruptcy Court lacks authority to enter final orders on those claims.  It is in the interest of judicial economy that the reference be withdrawn because any appeal of these claims would be *de novo* to this Court in any event.  Additionally, Defendant is entitled to, and will demand, a jury trial.

16.      Further, Defendant has not filed bankruptcy proof of claim.  Thus, *Stern* may totally preclude determination of Plaintiffs' claims.

17.      For these reasons, the Court should order the withdrawal of the reference as to the breach of contract and breach of fiduciary duty claims.

## V. Conclusion

18.      For the reasons stated above, Head respectfully requests that the Court enter an order withdrawing the reference to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011.

19.      In light of the holding in *Holland America* and *Stern*, the reference to the Bankruptcy Corut should be withdrawn for all the reasons set forth above, including (i) the Bankruptcy Court's lack

---

[12] *Stern*, 131 S.Ct. at 2620.

of authority to determine the non-core claims in this case; and (ii) the demand for the jury trial which cannot be held before the Bankruptcy Court.

20. Defendant respectfully prays that the Court: (a) grant this Motion and (b) grant such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

SINGER & LEVICK, P.C.

By:   /s/Todd A. Hoodenpyle
    Todd A. Hoodenpyle
    State Bar No. 00798264
    hoodenpyle@singerlevick.com
    Michelle E. Shriro
    State Bar No. 18310900
    mshriro@singerlevick.com

16200 Addison Road, Suite 140
Addison, Texas 75001
Tel. (972) 380-5533
Fax (972) 380-5748

ATTORNEYS FOR DEFENDANT
KENNETH E. HEAD

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District and upon the following parties via electronic mail on April 7, 2021.

**Via Email:** slockhart@foley.com

Steven C. Lockhart
Foley & Lardner LLP
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201

           /s/Todd A. Hoodenpyle
           Todd A. Hoodenpyle

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with Steven C. Lockhart, attorney for Debtors, and he states that Debtors are opposed to the requested relief. Therefore, this motion is submitted for the Court's consideration.

           /s/Todd A. Hoodenpyle
           Todd A. Hoodenpyle