**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| **SPHERATURE INVESTMENTS LLC** | § | CASE NO. 20-42492 |
| et al. | § | |
| | § | |
| | § | |
| | § | |
| **SPHERATURE INVESTMENTS LLC,** | § | |
| et al. d/b/a World Ventures Holdings, LLC[1] | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Adversary No. 21-04058 |
| | § | |
| **KENNETH E. HEAD** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT'S AMENDED MOTION TO QUASH AND FOR PROTECTIVE ORDER**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Kenneth E. Head ("**Head**") files this Amended Motion to Quash and for Protective Order, and respectfully shows as follows:

**I. BACKGROUND**

1. On December 21, 2021, Debtors filed their voluntary petitions under Chapter 11 of the Bankruptcy Code (the "**Bankruptcy Proceeding**").

---

[1] The "Debtors" in the above-described jointly administered Chapter 11 bankruptcy cases ("Cases") are Spherature Investments LLC ("**Spherature**") EIN#5471, Rovia, LLC ("**Rovia**") EIN#7705, WorldVentures Marketing Holdings, LLC ("**WV Marketing Holdings**") EIN#3846, WorldVentures Marketplace, LLC ("**WV Marketplace**") EIN#6264, WorldVentures Marketing, LLC ("**WV Marketing**") EIN#3255, WorldVentures Services, LLC ("**WV Services**") EIN#2220.

**DEFENDANT'S AMENDED MOTION TO QUASH AND FOR PROTECTIVE ORDER - PAGE 1**

2. On February 22, 2021, the Debtors commenced this Adversary Proceeding by filing Plaintiff's Original Complaint and Request for Preliminary Injunction against Head alleging claims for breach of contract and breach of fiduciary duty.[2] On the same date, the Debtors filed Plaintiff's Emergency Application for a Temporary Restraining Order and Preliminary Injunction.[3] Additionally, Debtors filed Plaintiffs' Emergency Motion for Expedited Discovery.[4]

3. On February 26, 2021, the Court entered an Order Granting Plaintiffs' Emergency Application for Temporary Restraining Order.[5]

4. Also, on February 26, 2021, the Court entered an Agreed Expedited Discovery Scheduling Order ("**Expedited Discovery Order**").[6] The Expedited Discovery Order was agreed for the sole purpose of preparing for the hearing on Plaintiffs' Application for Preliminary Injunction.

5. On March 25, 2021, Head filed Defendant's Motion to Dismiss Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, Alternatively, Motion for a More Definite Statement Pursuant to Rule 12(e) ("**Motion to Dismiss Complaint**").[7]

6. On March 26, 2021, the Court held a video hearing on Plaintiffs' Application for Preliminary Injunction and rendered a ruling granting that application. On April 6, 2021, the Court entered the Order Granting Plaintiffs' Application for Preliminary Injunction.[8]

---

[2] Dkt. 1.
[3] Dkt. 2.
[4] Dkt. 3.
[5] Dkt. 15.
[6] Dkt. 16.
[7] Dkt. 64.
[8] Dkt. 70.

**DEFENDANT'S AMENDED MOTION TO QUASH AND FOR PROTECTIVE ORDER - PAGE 2**

7. On April 7, 2021, Head filed Defendant's Motion for Withdrawal of the Reference Pursuant to 11 U.S.C. § 157(d) and FRBP 5011 which Plaintiffs oppose ("**Motion to Withdraw Reference**").[9]

8. Also, on or about April 7, 2021, the parties exchanged emails regarding a proposed scheduling order. However, before any agreement or resolution of a proposed scheduling order, and without conducting a conference pursuant to Rule 26, Debtors served discovery.

9. On April 14, 2021, Debtors served Plaintiff's Second Request for Production to Defendant Kenneth E. Head ("**Second Request for Production**").[10] Additionally, Debtors served the following:

   a. Notice of Subpoena to Produce Documents to Non-Party Leigh Holcomb and related Subpoena demanding production on May 14, 2021;

   b. Notice of Subpoena to Produce Documents to Non-Party John Halcomb and related Subpoena demanding production on May 14, 2021;

   c. Notice of Subpoena to Produce Documents to Non-Party Matt Morris and related Subpoena demanding production on May 14, 2021;

   d. Notice of Subpoena to Produce Documents to Non-Party Byron Schrag and related Subpoena demanding production on May 14, 2021;

   e. Notice of Subpoena to Produce Documents to Non-Party Jay Payso and related Subpoena demanding production on May 14, 2021;

   f. Notice of Subpoena to Produce Documents to Non-Party Izhak Ben Shabat and related Subpoena demanding production on May 14, 2021;

   g. Notice of Subpoena to Produce Documents to Non-Party Muzafer Najifi and related Subpoena demanding production on May 14, 2021;

   h. Notice of Subpoena to Produce Documents to Non-Party Jeff Bolf and related Subpoena demanding production on May 14, 2021;

---

[9] Dkt. 72.
[10] A copy of Plaintiffs' Second Request for Production to Defendant Kenneth E. Head is attached hereto as Exhibit A.

**DEFENDANT'S AMENDED MOTION TO QUASH AND FOR PROTECTIVE ORDER - PAGE 3**

      i. Notice of Subpoena to Produce Documents to Non-Party Jefferson Santos and related Subpoena demanding production on May 14, 2021;

      j. Notice of Subpoena to Produce Documents to Non-Party Seacret Direct, LLC and related Subpoena demanding production on May 14, 2021 (collectively, the "**Non-Party Subpoenas**").[11]

10. On April 16, 2021, Debtors filed Plaintiffs' First Amended Complaint ("**First Amended Complaint**").[12] Head has not yet filed an answer or otherwise responded to the First Amended Complaint.

11. On April 30, 2021, Head filed Defendant's Motion to Dismiss Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, Alternatively, Motion for a More Definite Statement Pursuant to Rule 12(e) ("**Motion to Dismiss Amended Complaint**").[13]

12. On May 7, 2021, Debtors filed Plaintiffs' Response to Defendant's Motion for Withdrawal of the Reference Pursuant to 11 U.S.C. § 1574(d) and FRBP 5011.[14]

13. On May 12, 2021, Head filed Defendant's Reply to Plaintiffs' Response to Defendant's Motion for Withdrawal of the Reference Pursuant to 11 U.S.C. § 1574(d) and FRBP 5011.[15]

14. On May 27, 2021, Debtors filed Plaintiffs' Response to Defendant's Motion to Dismiss First Amended Complaint or, Alternatively, Motion for More Definite Statement.[16]

15. On June 11, 2021, Head filed Defendant's Reply to Plaintiffs' Response to Defendant's Motion to Dismiss First Amended Complaint or, Alternatively, Motion for More Definite Statement.[17]

---

[11] A copy of the April 14, 2021 email from Debtors' counsel along with the Non-Party Subpoenas is attached as Exhibit B.
[12] Dkt. 76.
[13] Dkt. 88.
[14] Dkt. 90.
[15] Dkt. 93.
[16] Dkt. 99.
[17] Dkt. 104.

**DEFENDANT'S AMENDED MOTION TO QUASH AND FOR PROTECTIVE ORDER - PAGE 4**

16. Debtors and Head entered into a series of "standstill" agreements, the last of which expired on August 16, 2021.

17. The current deadline for Head to respond to the Second Request for Production and for the Non-Parties to respond to the Non-Party Subpoenas is September 7, 2021.

18. Head's Motion to Dismiss Amended Complaint and Motion to Withdraw Reference are set for hearing on August 26, 2021 at 1:30 p.m.[18]

## II. ARGUMENT AND AUTHORITY

19. Head moves this Court to issue an order quashing the Second Request for Production and Non-Party Subpoenas. Movant further seeks an order of protection excusing compliance with the Second Request for Production and the request for documents.

20. The Court may enter a protective order with respect to a request for documents or deposition under Fed. R. Civ. P. 26(c) and 32. Rule 26(c) is applicable in this proceeding under Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure.

21. Fed. R. Civ. P. 26(d) provides that:

A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempt from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

Rule 26(d) is applicable in adversary proceedings under Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure. This adversary proceeding is not exempted by Rule 26(a)(1)(B).

22. The parties have not completed a conference pursuant Rule 26(f). Although eight (8) depositions have already been taken, Debtors indicated they wanted to take ten (10) additional depositions. Head inquired as to whom Debtors sought to depose in these ten (10) additional depositions. Other than identifying two witnesses who have already been deposed, Head and Izhak

---

[18] Dkt. 111.

Ben Shabat, the principal of Seacret Direct, LLC, Debtors failed to identify any other potential deponents. At the same time, Head filed the Motion to Withdraw Reference. Debtors refused to agree to the withdrawal of the reference despite the fact that Debtors' only two claims, breach of contract and breach of fiduciary duty, are non-core state law claims.

23. Further, Head has not yet answered or otherwise responded to Debtors' First Amended Complaint. The Court has not yet heard, much less issued her report and recommendation on, Head's Motion to Withdraw the Reference. Head requests that the Court grant his Motion to Quash and grant Head a protective order prohibiting Debtors from conducting discovery under the Second Request for Production and the Non-Party Subpoenas.

24. Finally, the Court should consider the need for discovery in this case in light of the events in the underlying bankruptcy case. Debtors claimed that they filed the underlying bankruptcy case in order to sell their assets. In January 2021, Debtors filed a sale motion to establish bid procedures and setting the original deadline to file the "stalking horse" asset purchase agreement for February 9, 2021. Yet, more than six (6) months have gone by, and Debtors continued the hearing on their motion to approve bidding procedures at least four times. On June 2, 2021, Debtors filed Debtor's Motion for Entry of an Order (A) Approving Binding Term Sheet, (B) Approving Expense Reimbursement and Break Up Fee to the Plan Sponsor and (C) Granting Certain Related Relief identifying Verona International Holdings, Inc. as the Plan Sponsor.[19] Subsequently, on June 25, 2021, the Court entered an Order Approving Expense Reimbursement and Breakup Fee for Term-Sheet Plan Sponsor/Purchaser which provided for a closing date of August 31, 2021.[20] Although the Debtors filed a Chapter 11 plan contemplating the sale to Verona on July 19, 2021, no disclosure statement has been filed. The Court should consider these events

---

[19] Dkt. 289.
[20] Dkt. 329.

because Debtors' requested discovery must be proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, and whether the burden or expenses of the proposed discovery outweighs its likely benefit.[21]  If Debtors are successful in selling their assets, discovery in this case may be unnecessary because there would be no business interest of the Debtors to protect.  At this point, due to Debtors' inaction on the sale process, it appears Debtors filed for bankruptcy to enforce a non-compete agreement (a likely first in the bankruptcy world).  Finally, the burden and expense of the discovery at this time outweighs the likely benefit because of the potential ramifications of a sale, especially if Seacret Direct, LLC is allowed to participate and is the winning bidder.

25.     Perhaps more important to the Court, the burden and expense of the requested discovery is depleting the assets of the bankruptcy estate by the fees incurred by Debtors' counsel and the Unsecured Creditors' Committee's counsel.  According to the Amended Objection To Debtors' Emergency Motion For Interim And Final Order Granting Use of Cash Collateral And Scheduling Final Hearing filed by Montgomery Capital Advisors, LLC, the Debtors will be administratively insolvent due to the accrual of professional fees in this case.[1]  On August 20, 2021, Debtors filed a fee application seeking approximately $2.3 million, of which approximately $1.5 million relates to litigation.[22]  Counsel for the Unsecured Creditors Committee recently obtained approval for an interim fee application in the amount of $724,356 for the months of April through June and had previously obtained approval for interim fees in the amount of $620,576 for the months of February and March.[23]  The July Operating Report for the Spherature Investments case reflects that $5,369,240 in professional fees have accrued in the Debtors' cases.  Although

---

[21] Fed. R. Civ. P. 26(b)(1).
[1] Dkt. 218.
[22] Dkt. 399.
[23] Dkt. 291, 326.

**DEFENDANT'S AMENDED MOTION TO QUASH AND FOR PROTECTIVE ORDER - PAGE 7**

the Debtors are spending tremendous resources on litigation, the purpose of the Debtors' bankruptcy filing is supposed to be a sale process, which appears to have stalled. Weighing the factors in Rule 26, Debtors' requested discovery requests should be quashed at this time

26. This motion is being filed in the interest of justice, and not for purposes of delay.

WHEREFORE, PREMISES CONSIDERED, Movant requests that the Court grant Movant's Motion to Quash and for Protective Order and grant Defendant such other and further relief to which Defendant may show himself to be entitled.

**DATED: August 20, 2021**

        Respectfully submitted,

        SINGER & LEVICK, P.C.

        By: /s/Todd A. Hoodenpyle
        Todd A. Hoodenpyle
        State Bar No. 00798264
        hoodenpyle@singerlevick.com
        Michelle E. Shriro
        State Bar No. 18310900
        mshriro@singerlevick.com
16200 Addison Road, Suite 140
Addison, Texas 75001
Tel. (972) 380-5533
Fax (972) 380-5748

ATTORNEYS FOR DEFENDANT
KENNETH E. HEAD

**DEFENDANT'S AMENDED MOTION TO QUASH AND FOR PROTECTIVE ORDER - PAGE 8**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District and upon the following parties via electronic mail on August 20, 2021.

**Via Email:  slockhart@foley.com**

Steven C. Lockhart
Foley & Lardner LLP
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201

    /s/Todd A. Hoodenpyle
    Todd A. Hoodenpyle

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with Steven Lockhart, attorney for Debtors, and Debtors are opposed to the requested relief.  Therefore, this motion is submitted for the Court's consideration.

    /s/Todd A. Hoodenpyle
    Todd A. Hoodenpyle